**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6267**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENNY LYNN ISOM,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:03-cr-00241-WO-1; 1:18-cv-00895-WO-JLW; 1:03-cr-00242-WO-1)

Submitted: May 30, 2019                             Decided: June 4, 2019

Before KING and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Benny Lynn Isom, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benny Lynn Isom seeks to appeal the district court's orders and judgments adopting the magistrate judge's reports and recommendations, denying Isom's 28 U.S.C. § 2255 (2012) motion and amended § 2255 motion, and dismissing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion. The order and judgment denying his § 2255 motion and amended § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B) (2012). A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Isom has not made the requisite showing. Accordingly, we deny a COA and dismiss in part the appeal.

Insofar as Isom appeals the district court's order and judgment construing his Rule 60(b) motion as an unauthorized § 2255 motion, we deny the COA as unnecessary and affirm. *See Harbison v. Bell,* 556 U.S. 180 (2009); *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2

Additionally, we construe Isom's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Isom's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we deny a COA and dismiss in part and affirm in part the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*